OPINION
Defendant-appellant John C. Summerville appeals the September 17, 2001 Judgment Entry of the Canton Municipal Court, finding appellant responsible for the payment of his pro rata share of maintenance and repair expenses related to a parking lot easement which had been granted to him from plaintiff-appellee Market Enterprises, Inc.
 STATEMENT OF THE FACTS AND CASE
On January 17, 1995, Market Enterprises and appellant entered into a sales agreement whereby appellant was to purchase real property located at 439 Market Avenue North, Canton, Ohio, from Market Enterprises in exchange for $130,000. The property was conveyed via Warranty Deed recorded February 9, 1995. Included in the sales agreement and warranty deed was an easement which granted appellant the exclusive use of twelve parking spaces and the use of ten parking spaces jointly with Market Enterprises. These ten spaces were not specifically designated by the parties. The warranty deed is silent as to whom is responsible for the maintenance and repair of the parking lot easement. The parties did not recall having any discussions relative to that issue.
Subsequently, on February 3, 1995, appellant granted Market Enterprises an easement and right-of-way upon a stairway located at the southeast corner of the Market Avenue property. On February 6, 1995, appellant granted Market Enterprises a roof easement, permitting Market Enterprises to place, enclose, house, and provide necessary maintenance and service upon the HVAC System situated on the roof of the Market Avenue property. These easement contain language addressing which party would be responsible for the maintenance and repair of said easements.
Between 1996 and 2000, Market Enterprises incurred expenses in the maintenance and repair of the parking lot. Market Enterprises sent numerous written correspondences to appellant requesting payment of his pro rata share of the expenses incurred. Appellant did not respond to these correspondences and did not contribute to the maintenance and repair of the parking lot easement.
On January 19, 2001, Market Enterprises filed a complaint in the Canton Municipal Court seeking damages from appellant in the amount of $3,822.25. Market Enterprises filed a Motion for Partial Summary Judgment on March 27, 2001. Appellant filed a timely Memorandum in Opposition thereto. Via Judgment Entry filed June 27, 2001, the trial court overruled Market Enterprises' motion. The matter came on for trial before the court on July 19, 2001. Upon hearing the arguments of the parties, the trial court requested that each party file their respective proposed findings of fact and conclusions of law. Via Judgment Entry filed September 17, 2001, the trial court granted judgment in favor of Market Enterprises in the amount of $1,187.03, finding the costs of the maintenance and repair of the easement should be apportioned between the parties because both party used the easement, pursuant to this Court's decision in Miller v. Stander (Sept. 26, 1997), Richland 5th App. No. 97-CA1-2.
It is from this judgment entry appellant appeals, raising as his sole assignment of error:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING JUDGMENT IN FAVOR OF PLAINTIFF/APPELLEE, MARKET ENTERPRISES, INC. IN HOLDING THAT PLAINTIFF/APPELLEE, MARKET ENTERPRISES, INC. PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT/APPELLANT, JOHN C. SUMMERVILLE IS RESPONSIBLE FOR THE PAYMENT OF MAINTENANCE AND REPAIR EXPENSES RELATED TO THE PARKING LOT EASEMENT."
 I
Herein, appellant submits the trial court erred in granting judgment in favor of Market Enterprises upon a determination Market Enterprises proved by a preponderance of the evidence appellant was responsible for the payment of maintenance and repair expenses relative to the parking easement. We disagree.
In Smith v. Gilbraith (1991), 75 Ohio App.3d 428, 599 N.E.2d 798, the Eleventh District Court of Appeals stated: "The Restatement of the Law, Property (1944), Section 450, has defined an `easement' as an interest in the land in the possession of another which: (a) entitles the owner of such interest to a limited use or enjoyment of the land in which the interest exists; (b) entitles him to protection as against third persons from interference in such use or enjoyment; (c) is not subject to the will of the possessor of the land; (d) is not a normal incident of the possession of any land possessed by the owner of the interest; and (e) is capable of creation by conveyance.
"Stated differently, an easement is an interest in the land of another, carrying only a right to use the land. The easement may be perpetual and exclusive, yet it differs from a fee in that the holder of the easement: (1) has no estate in land; (2) can make use of the land only for a limited purpose; (3) cannot control the freehold itself; and (4) once the holder of the easement abandons his prescribed use, the property reverts to the feeholders. See, generally, Thompson, Commentaries on the Modern Law of Real Property (1980), Section 319." Id. at 434.
The easement at issue in the instant action does not address the issue of which party bears the responsibility for maintenance and repair. Appellant argues, because the deed is silent as to this issue, the grant must be construed against Market Enterprises, as the grantor of the easement. The owner of an easement [the dominant estate or appellant herein] may use the easement for the purposes for which it is granted and may make repairs to the easement in order to ensure the enjoyment of the easement. In fact, unless the owner of the servient estate [Market Enterprises] is bound to make repairs, "[t]he burden devolves upon the owner of the dominant estate, of making whatever repairs are necessary for his use [of the easement]." National Exchange Bank v. Cunningham
(1889), 46 Ohio St. 575, 589. See, also, 36 Ohio Jurisprudence 3d (1982) 464, Easements and Licenses, Section 60. The dominant estate is also required to make repairs if "necessary to prevent the enjoyment of the right [from] becoming an annoyance and nuisance to the owner of the servient tenement, unless the grantor himself has expressly undertaken the performance of that duty. National Exchange Bank, supra (Citation omitted).
The trial court explicitly found the repairs and maintenance by Market Enterprises were necessary. The trial court also found a woman, who was traversing the parking lot, fell into one of the many sinkholes which had developed on the lot. From this finding, we conclude the trial court implicitly found the parking lot was becoming or had become an annoyance or nuisance. Because Market Enterprises did not expressly undertake the responsibility of maintenance and repairs, and because the repairs were necessary to prevent the lot from becoming an annoyance and nuisance, pursuant to National Exchange Bank, the burden devolved upon appellant. However, because the parking lot was used jointly between the parties, we find the trial court properly determined the relative use of each party and apportioned the expenses incurred in maintaining and repairing the easement accordingly. See, Miller v. Stander, supra.
Appellant's sole assignment of error is overruled.
The judgment of the Canton Municipal Court is affirmed.
By: HOFFMAN, P.J. WISE, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court is affirmed. Costs assessed to appellant.